0UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOAN IFEDIBA OCHEI,<br><br>      Plaintiff,<br><br>    -against-<br><br>VERIZON NEW YORK, INC.;VERIZON COMMUNICATION INC.; ALADDIN HOTEL INC.,<br><br>      Defendants. | 22-CV-7628 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question and diversity jurisdiction. Plaintiff also submitted a proposed order to show cause seeking to restore her telephone service. (ECF 4.) By order dated September 8, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

### BACKGROUND

Plaintiff names as Defendants Verizon New York Inc., Verizon Communications Inc., and the Aladdin Hotel Inc. The following facts are drawn from the complaint, which asserts claims under the Telecommunications Act, and further asserts a claim of "unlawful withholding and termination of personal property without due process." (ECF 1 ¶ I.) Plaintiff is 63 years old, and resides in the Aladdin Hotel, a single room occupancy residence for women. (*Id.*) Plaintiff signed up for Verizon services in 1987, 2000, and 2007, but she currently does not have "access to her lawfully subscribed wireless (mobile) number," "home phone," and "internet services." (*Id.* ¶ III.) Plaintiff contacted Verizon about the problem, and she was directed to take her "defective" equipment to the Verizon store on West 42nd Street. When Plaintiff arrived,

however, "the manager named Collins refused to address Plaintiff's concerns. According to Plaintiff, "[d]ue to ensuing incident that followed Plaintiff's efforts to address the matter, NYPD office" [sic]." (*Id.*) Attached to the complaint are documents showing that Plaintiff filed a complaint with the New York State Public Service Commission. (*Id.* at 8-25.) The outcome of that filing is not clear from the complaint. Plaintiff further alleges that the owner of the Aladdin Hotel is "illegally using the building as a homeless shelter and renting rooms to homeless men, therefore allowing males and females to share community area." (*Id.*) Accompanying the complaint is an order to show cause, in which Plaintiff seeks the "immediate restitution" of her telephone and internet service. (ECF at 4; ECF 3.) Plaintiff asserts that she resides in New York but is a citizen of Nigeria. (*Id.* ¶ I.) Plaintiff seeks the "immediate restoration" of her phone service. (ECF 2 at 6; ECF 4.)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff invokes the Telecommunications Act, 47 U.S.C. § 223, but that statute does not provide for a private right of action. *Sloan v. Truong*, 573 F. Supp. 2d 823, 829 (S.D.N.Y. 2008). Therefore, Plaintiff's reference to the Telecommunications Act does not provide Plaintiff with a federal cause of action of which the Court has jurisdiction.

Even if the Court construed the complaint to assert a claim under 42 U.S.C. § 1983, which provides a private right of action for certain violations of the Constitution or federal laws, the complaint would not survive. A plaintiff proceeding under Section 1983 must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The named defendants — Verizon New York Inc., Verizon Communications Inc., and the Aladdin Hotel Inc. — are private actors, and there are no allegations in the complaint suggesting that they either acted under color of state law or violated Plaintiff's constitutional rights.

Plaintiff also does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that she and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff alleges that she is a citizen of both New York and Nigeria. When a person is a dual citizen, it is the American citizenship that governs the issue of diversity jurisdiction. *See Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 507 (2d Cir. 1991) ("In matters of diversity jurisdiction American citizenship will determine diversity."); *Fuerst v. Fuerst,* 832 F. Supp. 2d 210, 217 (E.D.N.Y. 2011) ("Although Wolfgang is a citizen of both Germany and the United States, it is the general consensus among the courts — including the Second Circuit — that, where a party has dual citizenship, '[i]n matters of diversity jurisdiction American citizenship will determine diversity.'") (quoting *Action S.A,* 951 F.2d at 508)). Plaintiff does not allege the citizenship of Defendants, although she provides New York addresses for them. These facts do not establish that there is diversity of citizenship.

Moreover, Plaintiff's allegations do not indicate that the amount in controversy satisfies the jurisdictional amount required to sustain the Court's exercise of its diversity jurisdiction. Because the face of the complaint demonstrates that diversity of citizenship jurisdiction over

5

Plaintiff's state-law claims is lacking, they must be dismissed.[1] 28 U.S.C. § 1332; Fed. R. Civ. P. 12(h)(3).

## DENIAL OF ORDER TO SHOW CAUSE

Plaintiff has filed a proposed order to show cause requesting preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, the Court is dismissing the complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted. The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, Plaintiff's request for injunctive relief is denied.

---

[1] Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Because Plaintiff fails to state a claim under § 1983, and does not establish that the Court's exercise of diversity of citizenship jurisdiction is proper, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3).

**LEAVE TO AMEND DENIED AND WARNING**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

Plaintiff has filed many other *pro se* civil actions in this Circuit. *See Ochei v. Lapes*, ECF 1:19-CV-3700, 7 (CM) (S.D.N.Y. Jan. 31, 2020) (dismissing complaint against Aladdin Hotel, among others, for failure to state a claim and on abstention grounds); *Ochei v. Best Buy*, ECF 1:17-CV-1912, 6 (CM) (S.D.N.Y. June 7, 2017) (dismissing complaint for failure to state a claim and for lack of subject matter jurisdiction); *Ochei v. Apple*, ECF 1:16-CV-1515, 7 (CM) (S.D.N.Y. Dec. 7, 2016) (dismissing complaint for failure to state a claim); *Ochei v. Mary Manning Walsh Nursing Home*, ECF 1:10-CV-2548, 100 (CM) (S.D.N.Y. May 17, 2013) (granting summary judgment and dismissing complaint); *Ochei v. 317 West 45 Street*, ECF 1:10-CV-3718, 117; 1:10-CV-3719 (AKH) (S.D.N.Y. Feb. 14, 2013, (granting summary judgment and dismissing consolidated complaints), *Ochei v. Allcare/Onward Healthcare*, ECF 1:07-CV-0968, 1:07-CV-0969, 39 (PKC) (S.D.N.Y. Mar. 31, 2009 (granting summary judgment and dismissing consolidated complaints), *appeal dismissed* 09-2215-cv (2d Cir. Oct. 21, 2009) (holding that appeal "lacks an arguable basis in law or fact.")

In light of Plaintiff's litigation history, this Court finds that Plaintiff was or should have been aware when she filed this action that it lacked merit and that the Court lacked subject matter jurisdiction of the complaint. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements)." Plaintiff is warned that the next time she submits a complaint

7

that is duplicative or lacks merit, or over which subject matter jurisdiction is lacking, the Court will issue an order directing Plaintiff to show cause why she should not be barred from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii). The order to show cause is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   October 24, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                               Chief United States District Judge